## FAHS et al. v. ÆTNA BLDG. ASS'N OF LAS VEGAS, N. M.

No. 6784—Opinion Filed Jan. 29, 1918.

(170 Pac. 703.)

**Building and Loan Associations — Bid for Loans — Premiums — Statute — Interest —Usury.**

The syllabus in Ætna Building & Loan Association v. Lillie A. Harris et al., 67 Okla. 257, 170 Pac. 700, is adopted as a syllabus in this case.

(Syllabus by Pope, C.)

Error from District Court, Oklahoma County; W. R. Taylor, Judge.

Action by the Ætna Building Association of Las Vegas, N. M., against Thomas P. Fahs and another. Judgment for plaintiff, and defendants bring error. Reversed.

Warren K. Snyder, for plaintiffs in error.

Burwell, Crockett & Johnson, for defendant in error.

Opinion by POPE, C. This action was commenced on April 4, 1913, in the district court of Oklahoma county, by the Ætna Building Association against Thomas P. Fahs and Carrie Mae Fahs to recover alleged balance due on a certain note, and to foreclose a real estate mortgage securing the same. The parties will be designated as they appeared in the court below.

The evidence discloses: That the Ætna Building Association, plaintiff, is a building and loan association incorporated under the laws of the territory of New Mexico, and has its home office at Las Vegas, N. M. On the 20th day of April, 1906, Thomas P. Fahs became a member of the association by subscribing for 45 shares of its class D capital stock, of the par value of $100, to be paid for in monthly installments, at the same time applying to the said association for a loan of $1,350, and agreeing as a condition to the making of said loan that defendants would be bound by the by-laws, rules, and regulations of said company, and that the laws of the territory of New Mexico should govern in the interpretation and construction of said contract. On the same day Thomas P. Fahs and Carrie Mae Fahs executed their note for $1,350, payable to the association, together with a mortgage on certain real estate in Oklahoma county, Okla., and an assignment of said stock to the association to secure the payment of the same; the note providing that the defendants are indebted to the plaintiff company in the sum of $1,350, which amount had been advanced to them upon 45 shares of the capital stock of said company owned by said defendants and assigned as collateral security, which is to be matured in monthly payments of $13.50 each, and agree to pay $13.50 per month interest on said loan, and agreed further to pay all fines and penalties assessed on account of any defaults according to the by-laws of the company governing the same, and in case of default suit may be brought and a reasonable attorney fee charged, and the withdrawal value of the shares, may be withdrawn at payment of the same, the note to be delivered and its conditions performed in the territory of New Mexico and in all respects governed by the laws of that territory. That the said certificates of stock issued subject to the specific terms and conditions that the amount paid in upon the stock, less a withdrawal fee of 2 per cent. of the par value of the shares of stock applied to the any time, together with 6 per cent. interest thereon for the average time.

The defendants below made certain payments pursuant to the terms of the contract, and from the 20th day of April, 1900, to September 5, 1913, paid to the association $2,025, of which $1,012.50 was applied on the stock, and $1,012.50 on payment of interest, and thereafter defaulted in other payments. Recovery was sought and had for the alleged unpaid portion of the principal debt, interest at the rate of $13.50 per month, allowing as a credit thereon the amount paid on the stock, together with 6 per cent. interest for the average time, less 2 per cent. on the par value of the stock surrendered to the amount of the principal loan. Judgment for balance due $254.50.

The trial court found that the contract in question should be governed and construed by the laws of Oklahoma, upon which ruling both parties to the action agree that the court committed no error. We will therefore look only to the laws of Oklahoma in determining the rights of the parties to this action.

It is the contention of the plaintiff in error that the laws governing domestic build-

ing and loan associations in this state is controlling in this case, and that section 1490 of Compiled Laws 1909, which required the officers of said building and loan associations to hold stated meetings at which the money in the treasury, if equal to the amount of one share in such corporation, should be offered for loan in open meeting and the stockholders who shall bid the highest premium for the preference or priority of loan shall be entitled to receive a loan of the full amount for each share of stock held by such stockholder, etc., was not complied with in this case, and that the transaction does not come within the protection of the laws relating to building and loan associations, and that the relation of shareholder and corporation does not exist between defendants and plaintiff, the true relation being that of borrower and lender, and since the defendant company contracted for, charged, and received more than the maximum legal contract rate of interest for the said loan, the loan was usurious.

The case of Aetna Building & Loan Association, a Corporation, against Lillie A. Harris et al., 67 Okla. 257, 170 Pac. 700, decided at this term of the court, decided all the questions raised in this appeal, and is adopted as the law in this case. We therefore deem it unnecessary to repeat the argument here.

For the reasons given and the conclusions reached in that case, we are of the opinion that the judgment of the lower court should be reversed, and the case remanded. It is so ordered.

By the Court: It is so ordered.